**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIANO ROMAN,<br>Plaintiff,<br>v.<br>CITY OF NEWARK, ET AL.,<br>Defendants. | Civil Action No: 16-1110-SDW-LDW<br>**OPINION**<br>January 30, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant City of Newark, City of Newark Police Department, Chief of Police Anthony Campos, Roger Mendes, Albano Ferreira, Onofre Cabezas, Joseph Cueto, Miguel Ressurreicao, William Golpe, and Joyce Hill's[1] (collectively, "Defendants") Motion to Dismiss Adriano Roman's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

[1] Plaintiff also names "John Does 1-10" as defendants. Although courts may "allow claims based upon 'fictitious' defendants because they may be found and named later through the discovery process," *K.J. ex rel. Lowry v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 740 (D.N.J. at 2005) (citing *Alston v. Parker*, 363 F. 3d 229, 233 n.6 (3d Cir. 2004)), where Plaintiff has failed to plead facts sufficient to sustain a claim against any defendant, claims against these fictitious defendants will be dismissed as well.

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a resident of Newark, New Jersey. (Compl. ¶ 4.) Defendant City of Newark ("City") is a municipal corporation organized and existing under the law of the State of New Jersey[2], and Defendant Anthony Campos ("Campos") was the Chief of Police for the City when the events at issue occurred ("Newark Entities"). (Compl. ¶¶ 5, 7.) Defendants Mendes, Ferreira, Cabezas, Cueto, Ressurreicao, Golpe and Hill (collectively, "Newark Officers") were police officers for the City during the time in question. (Compl. ¶¶ 8-14.)

On May 2, 2014, Plaintiff alleges that Newark Officers "and others" arrested Plaintiff at an apartment in Newark (the "Residence") and searched the premises. (Compl. ¶ 21.) The officers present were not in uniform and did not have a warrant to arrest Plaintiff or to conduct the search. (Compl. ¶¶ 22-27, 41.) During the arrest, Plaintiff was thrown against a wall and was charged "with possession of a controlled dangerous substance and possession with intent to distribute same." (Compl. ¶¶ 26, 32.) Plaintiff was then transported to Essex County Jail where he was held until December 2014. (Compl. ¶ 38.) The Complaint does not identify which officers were allegedly responsible for which actions, only that "the acts alleged above were committed either on the instruction of . . . by . . . or with the knowledge and consent of . . . or were thereafter approved and ratified by" the Newark Officers or "their supervising Officers and Police Chief."

[2] Plaintiff also names the City of Newark Police Department as a defendant, but because it is a subdivision of the City, it cannot be sued. *See, e.g.*, *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004). All claims against the Department will be dismissed with prejudice and the Department shall be terminated as a party.

(Compl. ¶ 44.) Plaintiff further alleges that the Newark Officers made false statements in police reports and gave false testimony before a grand jury and at a suppression hearing. (Compl. ¶¶ 71, 78-81, 129.) The search of the Residence was later found to have been conducted without probable cause and the evidence gathered during the search was suppressed. (Compl. ¶¶ 45-46.) On December 18, 2014, the criminal complaint against Plaintiff was dismissed. (*Id.*)

On February 26, 2016, Plaintiff filed a seventeen-count Complaint in this Court, alleging that Defendants acted under color of law to deprive him of his federal and state constitutional, statutory, and common law rights. Defendants filed the instant motion to dismiss on September 12, 2016. Plaintiff filed his timely opposition October 18, 2016 and Defendants filed their reply on October 21, 2016.

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

Although Plaintiff's Complaint lacks clarity, at its core, it alleges that Plaintiff was wrongfully searched, arrested, detained, and prosecuted in violation of his constitutional rights under both the United States and New Jersey constitutions and federal and state law. This Court construes Plaintiff's Complaint to contain the following claims: [3]

### A. Section 1983 Claims

42 U.S.C. §1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

[3] In addition to the counts addressed below, Plaintiff also alleges, but does not specifically claim, that his "losses and damages are cognizable under 42 U.S.C. § 1982." (Compl. ¶¶ 53-54.) Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Any such claim would be dismissed because Plaintiff nowhere alleges that he is a racial minority, or that Defendants' actions were racially motivated or infringed on his property rights. *See Miller v. Pocono Ranch Lands Prop. Owners Ass'n*, 557 Fed. Appx. 141, 144 (3d Cir. 2014); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 Fed. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir.1997); *O'Toole v. Klingen*, No. Civ. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 350 (D.N.J. 2014). Similarly, "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act ['NJCRA']." *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013). Because the NJCRA is "interpreted analogously to Section 1983," Plaintiff's state constitutional claims will also be analyzed under Section 1983. *O'Toole*, No. Civ. 14-6333, 2017 WL 132840, at *5; *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after [] § 1983").

To bring a Section 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, No. Civ. 04-6420 (SDW), 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated."). For a municipality to be held liable under the theory of respondeat superior, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978).

Here, Plaintiff alleges that Defendants' actions violated his Fourth and Fourteenth Amendment rights.[4] (Compl. ¶¶ 51, 58, 153.) The Fourth Amendment, which protects persons from "unreasonable searches and seizures" prohibits false arrest, false imprisonment, illegal search and seizure, and the use of excessive force. U.S. Const. amend. IV; *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (noting that a claim for false arrest is subsumed by a claim for false imprisonment); *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourteenth Amendment prohibits the enactment or enforcement of laws which "abridge the privileges or immunities of citizens of the United States" or "deprive any person of life, liberty, or property, without due process of law . . . [or] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1; *see also Whren v. United States*, 517 U.S. 806, 813 (1996) (explaining that selective enforcement of the law based on race is prohibited by the Equal Protection Clause of the Fourteenth Amendment).

a. *Improper Training and Supervision (Counts One and Seventeen)*[5]

Plaintiff first alleges that the Newark Entities violated his constitutional rights by failing to properly train and/or supervise the individual officers in the areas of "law enforcement," "the

---

[4] Plaintiff also claims his rights under Article 1, Paragraph 7 of the New Jersey Constitution were violated. For the purposes of this decision, this Court makes no distinction between Article 1, Paragraph 7 of the New Jersey Constitution and the Fourth Amendment, as both contain nearly identical language. *See, e.g., Davis v. N.J. Dep't of Corr.*, No. Civ. 10-6439, 2011 WL 5526081 (D.N.J. Nov. 14, 2001) (noting the similarities between the two provisions); *Freeman v. New Jersey*, 788 A.2d 867, 876 n.3 (N.J. Sup. Ct. App. Div. 2002).

Plaintiff also mentions the Fifth and Sixth Amendments in passing, but does not include specific claims alleging violations of those amendments or any factual bases for such claims.

[5] Although styled as two separate claims, the two counts contain similar language and both allege that the City of Newark promoted policies, customs, and/or practices, including a failure to train and/or properly supervise police officers, which condoned, encouraged or gave rise to the violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. (Compl. ¶¶ 55-67, 144-157.) To the extent that Count One also alleges a state tort law claim for failure to supervise and/or train, that claim is barred for failure to file a Notice of Claim as discussed in Section C *infra*.

requirements of obtaining a search warrant and/or arrest warrant," and "in the administration of their duties." (Compl. ¶¶ 59, 61, 63.) In order to hold a municipality liable under Section 1983, the constitutional harm alleged must be caused by a municipal policy or custom and the municipality must not have "change[d] the policy or employ[ed] corrective practices." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011); *see also Monell*, 436 U.S. at 694; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015). Here, Plaintiff fails to plead that such a custom or policy exists. Plaintiff alleges only that a prior investigation by the Justice Department and the United States Attorney's Office revealed that the Newark Police Department had engaged in a "pattern or practice of constitutional violations in areas including stops and arrest practices, use of force, and theft by officers" and that a Federal Monitor had been "put in place to reform the Newark Police Department." (Compl. ¶ 59.) Plaintiff's conclusory and vague references to prior practices are insufficient to show that Defendants' actions here were part of a municipal policy or custom of wrongful searches, seizures and arrests. Moreover, the imposition of a Federal Monitor indicates attempts to change any wrongful policies or practices. Accordingly, Plaintiff has failed to plead facts sufficient to sustain a Section 1983 claim for improper training and supervision and Counts One and Seventeen will be dismissed.

*b. Due Process (Counts Two and Sixteen)*

Plaintiff alleges he was denied due process "by virtue of the search of his residence and person without a warrant," his arrest, and "false charges" brought against him based on "false and misleading testimony." (Compl. ¶¶ 69-71.) Despite the absence of the phrase "due process" in its text, "courts have interpreted Article 1 of the New Jersey Constitution as providing" a due process guarantee. *Thomas*, 998 F. Supp. 2d at 354; *see also K.J. ex rel. Lowry*, 363 F. Supp. 2d

at 745; *Peper v. Princeton Univ. Bd. of Tr.*, 389 A.2d 465, 477 (N.J. 1978). "However, the New Jersey Constitution does not provide a private right of action for violations of an individual's due process" rights, except for employment cases. *Thomas*, 998 F. Supp. 2d at 354. Because Plaintiff's state due process claim does not arise from an employee/employer relationship, Count Sixteen must be dismissed.

As to his federal due process claim, Plaintiff has not sufficiently pled a cause of action for either procedural or substantive due process. The Supreme Court has limited the protections of substantive due process largely "to matters relating to marriage, family, procreation, and the right to bodily integrity" and has explicitly rejected the expansion of substantive due process to cover claims of "pretrial deprivation of liberty" such as search or arrest without probable cause. *Albright v. Oliver*, 510 U.S. 266, 272-274 (1994) (noting that those claims are protected under the Fourth Amendment). Therefore, to the extent Plaintiff is raising a substantive due process claim, it must be dismissed. Any procedural due process claim is also deficient because Plaintiff fails to explain "what process he was owed and how that process was denied." *Washington v. Hanshaw*, 552 F. App'x 169, 174 (3d Cir. 2014). Therefore, Count Two will also be dismissed.

        *c. Unlawful Search (Counts Four and Six)*

Plaintiff, also failed to sufficiently plead that his Fourth Amendment right against unreasonable searches and seizures was violated. (Compl. ¶ 58). "In order to prevail on a [Section] 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, n.7 (3d Cir. 2006) (quoting *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005)). Here, Plaintiff makes global statements about Defendants' conduct, but fails to explain which individual(s) committed the allegedly wrongful acts, including throwing him against a wall,

making the arrest, conducting the search, seizing the contraband, writing the police reports, or testifying before the grand jury and at the suppression hearing. This is insufficiently specific under Rule 8(b), therefore, Counts Four and Six will be dismissed.[6]

B. Section 1985 Claims[7]

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Lake*, 112 F.3d at 685 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

---

[6] Insofar as Plaintiff's claims include fraud and/or misrepresentation, they are also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires even greater specificity. *See, e.g., MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005) (noting that "[w]hen multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant").

[7] 42 U.S.C. § 1985 provides, in pertinent part:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

Plaintiff's Section 1985 claims state that Defendants conspired to 1) deprive him of equal protection of the laws by fabricating police reports and giving false testimony,[8] 2) commit an unlawful search, and 3) unlawfully imprison him. (Compl. ¶¶ 78-79, 85, 89, 120-21.) However, Plaintiff nowhere states that the alleged conspiracy was racially motivated. *See, e.g.*, *Mendez v. N.J. State Lottery Comm'n*, 532 F. App'x. 41, 45 (3d Cir. 2013); *Henry v. Jersey City Police Dep't*, Civ. No. 14-5480(SDW)(LDW), 2016 WL 1586875, at *7 (D.N.J. Apr. 20, 2016). Plaintiff's Complaint does not identify Plaintiff as a member of protected class, and does not allege any discriminatory animus.[9] Because Plaintiff fails to allege facts sufficient to state a claim under Section 1985, Counts Three, Five, Seven, and Thirteen will be dismissed.

C. New Jersey State Law Tort Claims

Counts Eight, Nine, Ten, Eleven, Twelve,[10] Fourteen, and Fifteen of Plaintiff's Complaint all identify state law claims under The New Jersey Tort Claims Act ("TCA"),[11] which permits individuals to bring tort claims against public entities. N.J.S.A. 59:8-1. The TCA requires that "certain procedures be followed prior to bringing suit against a public entity." *Tripo v. Robert*

[8] Plaintiff did not bring a separate equal protection claim, and does not allege facts sufficient to support such a claim. To assert a § 1983 equal protection claim, the plaintiff must allege that (1) he is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently. *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).

[9] Plaintiff's Opposition Brief claims Plaintiff is of Dominican and Puerto Rican descent, but as that fact is not contained in the pleadings, this Court will not consider it in ruling on Defendants' motion to dismiss.

[10] Although Plaintiff claims in this count that he was deprived of his "constitutionally guaranteed rights of liberty and freedom of movement," he does not state that this is a Section 1983 claim, therefore, this Court deems it a state law tort claim. (Compl. ¶ 114.) *See, e.g.*, *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1117 (N.J. 2009) (defining the elements of the tort as being (1) "an arrest or detention of the person against his or her will" and (2) "lack of proper legal authority or legal justification") (internal citation omitted).

[11] The state law claims are: 1) intentional infliction of emotional distress (Count Eight), 2) negligent infliction of emotional distress (Count Nine), 3) assault and battery (Count Ten), 4) conspiracy to commit assault and battery (Count Eleven), 5) unlawful imprisonment (Count Twelve), 6) malicious prosecution (Count Fourteen), and 7) conspiracy to maliciously prosecute (Count Fifteen).

*Wood Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 626 (D.N.J. 2012). As such, Plaintiffs seeking to sue under the TCA are required "to sign and file a notice of tort claim (a 'Notice of Claim') with the public entity within 90 days of the accrual of the cause of action." *Id.*; *see also* N.J.S.A. § 59:8-8. "A claimant who fails to file notice of his claim within 90 days . . . may . . . file such notice at any time within one year after the accrual of his claim" if the claimant can show both "extraordinary circumstances" which prevented timely filing of the Notice of Claim and that the defendant is not "substantially prejudiced" by a later filing. N.J.S.A. § 59:8-9. A plaintiff is "forever barred from recovering against a public entity or public employee" if they fail to file a Notice of Claim within the time required. N.J.S.A. § 59:8-8.

Plaintiff's Complaint nowhere alleges that he filed a timely notice of claim. As such, Counts Eight, Nine, Ten, Eleven, Twelve, Fourteen, and Fifteen will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff may file an Amended Complaint within thirty days.[12] An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
Parties

[12] Should Plaintiff choose to file an Amended Complaint, it may not include requests for punitive damages against the Newark Entities, as municipalities are immune from punitive damages claims brought pursuant to Section 1983, Section 1985, the TCA and the NJCRA. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002); *Joyce v. City of Sea Isle City*, No. Civ. 04-5345 (RBK), 2008 WL 906266, at *25 (D.N.J. Mar. 31, 2008); *Matheny Sch. & Hosp. v. Borough of Peapack & Gladstone*, No. Civ. 13-6802 (MAS)(TJB), 2014 WL 4215453, at *3 (D.N.J. Aug. 25, 2014).