NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 5, 2017

Marc E. Leibman, Esq.
Kaufman, Semeraro, & Leibman, LLP
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024
*Attorney for Plaintiff*

Wilson D. Antoine, Esq.
Assistant Corporation Counsel
City of Newark – Department of Law
920 Broad Street, Room 316
Newark, NJ 07102
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Roman v. City of Newark, et al.
       Civil Action No. 16-1110 (SDW) (LDW)

Counsel:

Before this Court is Plaintiff Adriano Roman's ("Plaintiff" or "Roman") Motion for Reconsideration of this Court's April 7, 2017 Letter Order granting Defendant City of Newark, Roger Mendes, Albano Ferreira, Onofre Cabezas, Joseph Cueto, Miguel Ressurreicao, William Golpe, and Joyce Hill's (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **DENIES** Plaintiff's motion.

## DISCUSSION

   A.  Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i) and must be filed within fourteen (14) days "after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). Rule 7.1(i) requires the moving party to file a brief

"setting forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." *Id.* A motion for reconsideration is only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Reconsideration, however, is an extraordinary remedy and should be granted 'very sparingly.'" *Wyeth v. Teva Pharmaceuticals USA Inc.*, No. 04-2355(JLL), 2010 WL 3211126, at *2 (D.N.J. Aug. 13, 2010) (internal citation omitted).

> B. <u>This Court's April 7, 2017 Letter Order Was Not Clearly Erroneous or Contrary to Law and Plaintiff Fails to Show An Intervening Change In The Law Or Previously Unavailable New Evidence</u>

This Court's April 7, 2017 Letter Order clearly identified and applied the proper legal standards for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff does not identify any intervening change in the relevant law. Plaintiff has not presented new evidence that was unavailable at the time this Court entered its decision. Plaintiff also fails to demonstrate the existence of an error of fact or law that, if left uncorrected, would result in manifest injustice. Rather, Plaintiff merely reiterates the same arguments made in his opposition to Defendants' Motion to Dismiss, all of which were addressed in this Court's April 7, 2017 Letter Order.

Accordingly, Plaintiff's Motion for Reconsideration of this Court's April 7, 2017 Letter Order is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's April 7, 2017 Letter Order is **DENIED**. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
        Leda D. Wettre, U.S.M.J.