**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 25, 2020

Kenyatta K. Stewart, Esq.
Wilson D. Antoine, Esq.
City of Newark, Department of Law
920 Broad Street, Room 316
Newark, NJ 07102
*Counsel for Defendant*

Justin D. Santagata, Esq.
Kaufman Semeraro & Leibman, LLP
Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, NJ 07024
*Counsel for Plaintiff*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **Estate of Adriano Roman, Jr. v. City of Newark**
              **Civil Action No. 16-1110 (SDW) (LDW)**

Counsel:

    Before this Court is Defendant City of Newark's ("Newark" or "Defendant") Motion for Reconsideration of this Court's June 24, 2020 grant of partial summary judgment to Plaintiff ("June 24th Decision"). (D.E. 112, 113). This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** Newark's motion.

**DISCUSSION**

A.

    "Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2

(internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). This deadline may be relaxed "only in extraordinary circumstances to prevent 'surprise or injustice'." *Hargrove v. Sleepy's LLC*, Civ. No. 10-1138, 2019 WL 8881823, at *2 n.1 (D.N.J. May 9, 2019).

Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

The Court assumes the parties' familiarity with the factual and procedural history of this action and addresses only those facts necessary for resolution of the instant motion. Defendant acknowledges that its motion is out of time, (*see* D.E. 121-7 at 8-9), but argues that it "should be treated as within time in the interests of justice" because new evidence, in the form of an audio recording of a witness allegedly recanting her prior testimony, is only now available. (D.E. 121-7 at 9-12.)

Unfortunately for Defendant, the evidence it relies on is neither new, nor newly discovered. Contrary to Defendant's claim that the recording was unavailable at the time of the June 24th Decision, Defendant informed this Court during oral argument that "it was aware that such an audio might exist," (*id.* at 12; D.E. 121-6 at 19), and had attempted to obtain the recording once in 2016 and then again in late 2019. (*See* D.E. 121-4 Ex. 2.)[1] Thus it is clear that the recording existed in 2016 and was known to the Defendant at that time. As to whether Defendant was unable to obtain the recording prior to June 24th, motions for reconsideration based on a claim of newly discovered evidence require that the moving party show reasonable diligence in attempting to obtain the evidence at issue. *See, e.g.*, *Pilsco v. Union R. Co.*, 379 F.2d 15, 16 (3d Cir. 1967). Three letters over the course of three years is not diligence.[2] As a result, Defendant fails to show the extraordinary circumstances necessary to treat its motion as timely and the motion will be denied.

---

[1] Defendant ultimately received a copy of the recording on July 9, 2020. (*See* D.E. 121-4 Ex. 2.) Even if this Court were to consider relaxing the 14-day window for motions for reconsideration, the logical extension would have been July 23rd, fourteen days from the date Defendant received the recording. Defendant's motion, however, was not filed until July 27th.

[2] Equally problematic for Defendant is its failure to attempt to depose the witness in order to ascertain what testimony was allegedly perjurious. As it stands, the recording itself has not been authenticated, nor does it contain any specific statements as to what testimony might be recanted. (D.E. 121-2 Ex. 1.)

2

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration of the June 24th Decision is **DENIED**.  An appropriate order follows.

            /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

3